OPINION OF THE COURT
Eugene L. Nicandri, J.
By written stipulation of the parties at a court-ordered pretrial disclosure conference, the court has reviewed the minutes of the grand jury presentation in order to evaluate the sufficiency of the evidence and legal instructions. In particular, counsel asked the court to focus on the sufficiency of the evidence supporting the legal instruction concerning forcible compulsion.
*563 Defendant is charged with one count of third degree sodomy (Penal Law § 130.40 [3]). Subdivision (3) was added to the law in 2000, as part of the Sexual Assault Reform Act. That same statute added paragraph (d) as an amendment to Penal Law § 130.05 (2) defining lack of consent in certain specified cases, including third degree sodomy under this subdivision.
Proof of this crime requires a showing that defendant engaged in deviate sexual intercourse with another person without such person’s consent, where such lack of consent is by reason of some factor other than incapacity to consent.[1]
The lack of consent, required under the amended definitions in cases such as this, results from “in addition to forcible compulsion, circumstances under which, at the time of the act of intercourse or deviate sexual intercourse, the victim clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor’s situation would have understood such person’s words and acts as an expression of lack of consent to such act under all the circumstances.”[2]
As noted by the commentator cited, these amendments were added to criminalize intercourse and deviate sexual intercourse in “date rape” and “acquaintance rape” situations, where there may have been consent to acts leading up to the charged crime, but not to the criminal activity itself.
The proof before the grand jury clearly supports such a theory by legally sufficient evidence, although it does not support a forcible compulsion theory. Even so, it was still proper for the District Attorney to give legal instruction about forcible compulsion. As previously mentioned, the new statute allows proof of lack of consent by either forcible compulsion or a clear statement of lack of consent. “Force is not a sine qua non of a crime based on the instant definition of lack of consent.’ The actor’s use of force, however, can constitute evidence in support of the victim’s testimony that he or she did not consent.”[3]
This case was clearly presented as a “No means No” sort of case, and the grand jurors understood that to be the situation. Moreover, the court notes that there is not yet an official recommended legal instruction for the new subdivision charged here. That being the case, there was nothing improper about the *564 prosecutor including the instruction on forcible compulsion, and in so doing, fashioning an instruction to support the proof and the requirements of the statute.
After such review the court finds the evidence and legal instructions sufficient to support the charged crime. The motion to dismiss is therefore hereby denied.

. Added by L 2000, ch 1, § 35.

. Penal Law § 130.05 (2) (d), added by L 2000, ch 1, § 45; see also, William C. Donnino, Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 130, 2001-2002 Interim Pocket Part, at 110,113-114.

. Donnino, id., at 114.